1   Elise R. Sanguinetti, Esq. (CSB# 191389)
    Jamie G. Goldstein, Esq. (CSB# 302479)
2   **ARIAS, SANGUINETTI, STAHLE & TORRIJOS**
    555 12th Street, Suite 555
3   Oakland, CA  94607
    Tel:  (510) 629-4877
4   Fax: (510) 291-9742

5   *Attorneys for Brandon Villarreal and James Gregory*

6                    UNITED STATES DISTRICT COURT

7                 NORTHERN DISTRICT COURT OF CALIFORNIA

8

9

10  BRANDON VILLARREAL, a minor, by and          **DISCOVERY**
    through his guardian ad litem, DONALD
11  VILLARREAL and JAMES GREGORY,         Case No.: 5:16-cv-06672
    individually and as the Successor in Interest of
12  the Estate of Larra Ann Gillis,          **PLAINTIFFS' NOTICE OF MOTION
                                             AND MOTION FOR AN ORDER TO
13              Plaintiffs,                  QUASH DEFENDANTS BOARD OF
                                             TRUSTEES OF THE CALIFORNIA
14         v.                                STATE UNIVERSITY; OFFICER
                                             ROBIN LELAND; CORPORAL
15  COUNTY OF MONTEREY; SHERIFF STEVE        CAROLYN PELIOVA AND CORPORAL
    BERNAL, in his individual and official   DANIEL ANDRADA'S DEPOSITION
16  capacity; DEPUTY J. MENDOZA; OFFICER P.  SUBPOENAS FOR PRODUCTION OF
    SANCHEZ; DEPUTY WONG; OFFICER            MEDICAL BILLING RECORDS,
17  ANNA ROCAMORA; DEPUTY DOUGLAS            EDUCATION RECORDS AND
    RAARUP; CITY OF MARINA; BOARD OF         CALIFORNIA DEPARTMENT OF
18  TRUSTEES OF THE CALIFORNIA STATE         CORRECTIONS RECORDS**
    UNIVERSITY; OFFICER ROBIN LELAND;
19  CORPORAL CAROLYN PELIOVA;
    CORPORAL DANIEL ANDRADA;
20  CALIFORNIA FORENSIC MEDICAL             Date: August 22, 2017
    GROUP; TAYLOR FITHIAN, M.D.; LORI       Time: 10:00 am
21  EDWARDS, R.N. and DOES 1 to 100,        Honorable Susan van Keulen_____
    inclusive,
22                                          _____
                Defendants.
23

24      TO:  ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

25          PLEASE TAKE NOTICE that on August 22, 2017, at 10:00 am, or as soon thereafter as

26  counsel may be heard by the Honorable Susan van Keulen, or another judge sitting in her stead

27  at the above-entitled court, located at 280 South 1st Street, Courtroom 6, 4th Floor, San Jose,

28  California, Plaintiffs BRANDON VILLARREAL, by and through his guardian ad litem Donald

-1-

1  Villareal, and JAMES GREGORY, will move the Court for an order to quash deposition

2  subpoenas issued for medical billing, education records and California Department of

3  Correction records.

4     This motion will be based upon this notice, upon the memorandum of points and

5  authorities and the declaration of Jamie G. Goldstein served herewith, upon all of the pleadings

6  and records contained in the court file herein, and upon such oral and documentary evidence as

7  may be presented at the hearing of this motion.

8

9  July 19, 2017                    ARIAS, SANGUINETTI,
                                     STAHLE & TORRIJOS, LLP
10

11                                   By:___/s/ Jamie G. Goldstein_____
                                          JAMIE G. GOLDSTEIN
12                                        Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO QUASH DEFENDANTS BOARD OF
TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY; OFFICER ROBIN LELAND; CORPORAL CAROLYN
PELIOVA AND CORPORAL DANIEL ANDRADA'S DEPOSITION SUBPOENAS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

Plaintiffs are the children of Larra Gillis, decedent, (hereinafter "Ms. Gillis"), and filed an eleven-count complaint for damages against Defendants on November 17, 2016.  Defendant Board of California Trustees of the California State University (hereinafter "CSU"), is named in 5 counts, specifically:  Failure to Furnish/Summon Medical Care, Negligent Supervision, Training, Hiring and Retention, California Civil Code § 52.1, Battery and Negligence. Defendants Officer Robin Leland, Corporal Carolyn Peliova and Corporal Daniel Andrada (hereinafter collectively "CSU Officers") are named in 4 counts, specifically: Failure to Furnish/Summon Medical Care, California Civil Code § 52.1, Battery and Negligence.

In the early morning hours of December 4, 2015, CSUMB Officers were patrolling Marina City, California.  At that time, Ms. Gillis was reported to have been walking in and out of traffic, was confronted by the CSUMB Officers and arrest.  During the arrest, Ms. Gillis was forcefully tripped to the ground and suffered injuries to her head as well as injuries to her hands.  Ms. Gillis also suffered injuries to her wrists, as a result of the handcuffs being too tight.  Ms. Gillis was transported to Monterey County Jail where she was booked and put in a safety cell.  At the time of Ms. Gillis' arrest and booking, it was clear that she needed medical attention, as she had multiple abrasions and was in an altered state due to the ingestion of drugs and/or psychological ailments.  Despite Ms. Gillis' clear need for help based on her appearance and behavior, which included her repeatedly shouting "help me," no medical attention was provided.  Ms. Gillis remained in the safety cell with no food and only one cup of water for the next twenty-eight (28) hours until she was found nearly unconscious and covered in feces.  She was finally transported to Natividad Hospital on December 5, 2015 at approximately 12:25 pm. She was suffering from sepsis, severe dehydration and kidney failure.  Ms. Gillis was intubated and never regained consciousness.  She died on December 19, 2015.

-3-

1       On or around July 5, 2017, Plaintiffs were served with thirteen (13) Deposition

2   Subpoenas for Production of Business records.  Five (5) of these subpoenas related to

3   medical records and billing and were issued to: Alisal Medical Group, Hershey Medical

4   Group, Monterey Spine & Joint, Natividad Billing and Pathlab.  Seven (7) subpoenas were

5   issued for education records. Specifically, two (2) for records for Plaintiff Brandon

6   Villarreal at Marina Vista Elementary School and Seaside High School; four (4) for

7   Plaintiff James Gregory at Marina High School, Seaside High School, Monterey High

8   School and Los Arboles Middle School. One (1) additional education records subpoena was

9   issued to Monterey Peninsula Unified School District for Ms. Gillis. Additionally, a

10  subpoena was issued for Ms. Gillis' records from California Department of Corrections

11  (hereinafter "CDOC"). (See Subpoenas attached hereto as Exhibit 1).

12      On July 12, 2017, Plaintiffs' counsel contacted counsel for CSU and the CSU

13  officers regarding all the subpoenas being overbroad, an invasion of privacy rights and

14  questioning their relevance as they were not likely to lead to admissible evidence. The

15  parties came to an agreement on limitations related to medical records, however, no

16  agreement was reached regarding limiting the language pertaining to the medical billing

17  records, education records and CDOC records. (See Goldstein July 12, 2017 email and

18  Williams July 13, 2017 email, attached hereto as Exhibit 2 and 3). None of the remaining

19  subpoenas at issue have any limitations in scope or timeframe. Each medical billing

20  subpoena includes the following language:

21      Any and all billing records that include a breakdown of payment information,
    specifically regarding what amounts were paid by Medi-Cal, Medicare,

22  Medicaid, or any private or other insurances, and by whom (i.e., the patient,
    an insurance carrier, etc.); what adjustments were made and by whom (i.e.,

23  the facility, an insurance company, etc.); as well as a total remaining balance,
    if any; and any insurance records, including but not limited to any

24  records/documents that may be stored digitally and/or electronically,
    pertaining to Larra Ann Gillis…. *Id.*

25

26  Each education subpoena includes the following language:

27      Any and all records, transcripts, and degrees earned, all documents, records,
    report cards and transcripts pertaining to the education and scholastic ability

28  of the individual named herein. All office, disciplinary, counseling and

-4-

> scholastic records, attendance and absentee records, medical records, incident reports, teacher comments regarding the individual named herein from the first date of enrollment to and including the present…. *Id.*

The CDOC subpoena states as follows:

> Any and all records including but not limited to abstracts of judgment, movement and transfer records, medical requests, disciplinary records, administrative hearing files, investigative materials, reports of criminal conduct and any related investigative reports, visitor requests forms and/or any other records pertaining to to Larra Ann Gilllis..... *Id.*

In order to protect the disclosure of Plaintiffs' and Ms. Gillis' protected information, Plaintiffs hereby file this subject motion requesting an Order to Quash the fourteen (14) subpoenas noted herein.

## II.   ARGUMENT

### A.   The Court Has Authority To Quash Deposition Subpoenas

Code of Civil Procedure §1987.1 provides in pertinent part:

> If a subpoena requires the attendance of a witness or the production of books, documents, electronically stored information, or other things before a court, or at the trial of an issue therein, or at the taking of a deposition, the court, upon motion reasonably made by the party ..., may make an order quashing the subpoena entirely, modifying it, or directing compliance with it upon such terms or conditions as the court shall declare, including protective orders.  In addition, the court may make any other order as may be appropriate to protect the person from unreasonable or oppressive demands including unreasonable violations of right of privacy of the person.

Plaintiffs' and Ms. Gillis' right to privacy over private education information, and Ms. Gillis' right to privacy over her protected health information and CDOC information is at issue.  Absent intervention by the Court, Plaintiffs' and Ms. Gillis' private information will be disclosed.

### B.   Plaintiffs' and Ms. Gillis' Private Information Is Protected From Is Privileged And Protected From Disclosure

The protection of a citizen's right of privacy is an inalienable right guaranteed by the

-5-

California Constitution, Article 1, Section 1.  When a party files a lawsuit, a partial waiver of her constitutional right of privacy is made, and she is required to provide information regarding certain damages.   This waiver, however, is partial and is limited only to those matters directly relevant to the nature of the specific conditions which have been put at issue.  (Please see *Britt v. Superior Court* (1978) 20 Cal.3d 844, *In re Lifschutz* (1970) 2 Cal.3d 415, and *Hallendorf v. Superior Court* (1978) 85 Cal.App.3d 553.)   The mere commencement of an action for personal injuries does not operate as an automatic waiver of the plaintiff's privacy privileges. *Boling v Superior Court* (1980) 105 CA3d 430, 164 Cal Rptr 432.

**1.      Disclosure of Ms. Gillis' Medical Billing Information Should be Limited**

CSU and the CSU Officers have issued overly broad subpoenas that seek information that is beyond what is relevant to the current litigation and are in direct violation of Ms. Gillis' constitutional right to privacy.  They have not limited the timing or the scope of billing records to be produced.  The billing records prior to the date of injuries related to Plaintiffs' claims are not relevant, making the subpoena overly broad and an invasion of Ms. Gillis' privacy rights. CSU and the CSU Officers should not be permitted to obtain Ms. Gillis' private information that is unrelated to Plaintiffs' claims.  Ms. Gillis' right to privacy protects disclosure of the overly broad listing of documents CSU and the CSU Officers seek by way of subpoenas to Ms. Gillis' medical providers.

**2.      Plaintiffs' and Ms. Gillis' Education Records Should Not be Disclosed**

CSU and CSU Officers have issued multiple subpoenas for education records of Plaintiffs and Ms. Gillis. The education records of Plaintiffs are not relevant to the current litigation and the production of the records would be a direct violation of their privacy rights. Additionally, CSU and CSU Officers have sought education records of Ms. Gillis that are approximately thirty years old. There is nothing relevant about these records and there is nothing that would  lead to admissible evidence. The subpoenas violate Plaintiffs' and Ms. Gillis' privacy rights and the records should not be permitted to be obtained.

**3.      Ms. Gillis' CDOC Records are Not Relevant**

1   CSU and CSU Officers have issued a subpoena for all of Ms. Gillis' CDOC records.

2   Her records related to involvement with CDOC prior to her arrest on December 4, 2015,

3   have nothing to do with the issues in this case. The disclosure of such records would be an

4   invasion of Ms. Gillis' privacy rights, and therefore the subpoena should be quashed.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for an Order to Quash CSU and CSU Officers subpoenas related to medical billing, education records of Plaintiffs and Ms. Gillis and Ms. Gillis' CDOC records as they are not likely to lead to admissible evidence, are over broad and are an invasion of Plaintiffs' and Ms. Gillis' privacy rights.


July 19, 2017                                    ARIAS, SANGUINETTI,
                                                 STAHLE & TORRIJOS, LLP


                                                 By:   /s/ Jamie G. Goldstein
                                                 JAMIE G. GOLDSTEIN
                                                 Attorneys for Plaintiffs

-7-